No. A-CV-86-88

# District Court of the Navajo Nation

Judicial District of Window Rock, Arizona

**Craig and Susan Gordon, Plaintiffs,**

**v.**

**Nelson E. James and Sarah James, Husband and Wife; and
Dennis Becenti and Shirley Becenti,
d.b.a., Becenti Mobile Home Park, and
Sharon Becenti, an individual, Defendants.**

**Decided August 22, 1989**

## OPINION AND ORDER

Michael C. Nelson, Counsel for Plaintiffs

John A. Chapela, Counsel for Defendants

Judge Robert Yazzie, Presiding

## I. FACTS

The Gordons (plaintiffs) filed this Motion for Partial Summary Judgment in regards to the Becentis (defendants). The Gordons rented a space in the Becenti Mobile Home Park in 1982. No written rental agreement exists; however, the Gordons occupied the space and paid rent through August 1986. At that time they rented their mobile home to the James and also sublet their space to them. The James paid the lot rent from September, 1986 through December, 1986. They did not pay the lot rent from January, 1987 through November, 1987.

Due to the James' failure to pay rent, the Becentis imposed late charges, evicted plaintiffs' mobile home from the park and imposed a lien on the mobile home until the amounts allegedly due were paid. Defendant Sharon Becenti also prevented Mr. Gordon from moving the mobile home until the payment was made. Plaintiffs allege they suffered damages from these acts.

ISSUE: IS SELF-HELP REPOSSESSION OR DETAINER OF A MOBILE HOME A LEGAL REMEDY FOR COLLECTION OF BACK RENT?

The absence of a written contract here is only relevant as an indicator there was no express agreement authorizing the Becentis to hold the plaintiffs' property for debts allegedly due. The rental agreement between the Gordons and the James, their occupying of the mobile home space and payment of rent through December, 1986, clearly establish that some sort of rental agreement existed between the plaintiffs and the Becentis.

Although the Gordons sublet the space to the James, "subletting does not in

any manner affect the liability of the lessee to his lessor for the payment of rent..." 49 Am Jur 2d, section 500. Thus, the Gordons were liable to the Becentis for the back rent. However, the key issue in this case is not the debt. Rather, it is the legality of the Becentis holding the plaintiffs' mobile home without prior court authorization.

Liens can only be created by contract or by statute. "In the absence of a lien given by law, neither party can create one without the consent or agreement of the other." 51 Am Jur 2d, section 6. Here, there is no contract authorizing the Becentis to impose a lien nor is there any Navajo Tribal statute or rule of law giving them that right. Consequently, the Becentis had no legal right to impose a lien on the plaintiffs' mobile home.

Plaintiffs rely on *Russell v. Donaldson*, 3 Nav. R. 209 (W.R. Dist. Ct., 1982), in asserting the Becentis had no legal right to self-help repossession. They contend *Russell* is indistinguishable from the case at bar and controlling. They believe it stands for the proposition that the Becentis should not be allowed to use force to hold another's property without prior court permission for such action.

Plaintiffs are mistaken in their contention that the Becentis repossessed their mobile home. The Becentis never owned the mobile home so they could not repossess it. Rather, they took possession and refused to release it until the back rent was paid. Technically, the Becentis distrained plaintiffs' property. Distraint is a common law procedure whereby the personal property of another is taken into possession and held, without resort to legal process, as security for the payment of a debt. *Words and Phrases*, Distraint.

Although plaintiffs' property was distrained rather than repossessed as in *Russell*, the legal issue here is the same. Both actions are self-help remedies to collect back rent, In *Russell*, the Navajo Nation Supreme Court was explicit. It held when parties fall behind in their rent, a landlord's legal remedy is an "action for forcible entry and detainer for possession of the lot space and back rent." 3 Nav. R. at 214.

Navajo precedent is controlling here. However, an Arizona statute also supports the decision. The Arizona Mobile Home Parks Residential Landlord and Tenant Act has expressly abolished distraint for back rent. ARS section 33-1480.

The Becentis pursued a self-help remedy rather than filing an action in court. Both *Russell* and the Arizona statute support application of 16 N.T.C. section 1801(b) in this case. It provides:

> A 'forcible entry' or an entry where entry is not given by law within the meaning of this article, is ... (2) As to a landlord, an entry upon the possession of his tenant, without the tenant's consent.

## CONCLUSION

The Becentis are guilty of an illegal forcible entry due to their distraint of the Gordons' mobile home. Consequently, plaintiffs' Motion for Partial Summary Judgment should be granted in regards to the Becentis. However, plaintiffs' claim for exemplary and punitive damages cannot be supported as a matter of law. The proper measure of damages in this case is governed by 16 N.T.C. section 1806(a). It provides:

> If defendant is found guilty [of forcible entry], the court shall give judgment for plaintiff for restitution of the premises and for costs and at plaintiffs' option, for all rent found to be due and unpaid at the date of judgment....

Damages will be granted accordingly.

## ORDER

Defendants' Motion for Partial Summary Judgment is hereby GRANTED for reasons stated herein.

IT IS FURTHER ORDERED that an evidentiary hearing shall be scheduled to determine the proper measure of damages.